**CARTER, State Auditor, v. McCAULEY, Gd'n.**

No. 11330—Opinion Filed Nov. 6, 1923.

Rehearing Denied April 22, 1924.

1. **Taxation—"Income" — Price Paid for Lease on Producing Oil Property.**
Under section 5, ch. 164, Session Laws 1915, the consideration paid for a lease on already producing oil property constitutes income to the owner of the land.

2. **Same—Judgment Exempting Purchase Price—Reversal.**
Record examined; the judgment of the trial court reversed, and the cause remanded, with directions.

3. **Same—Appeal From District Court — Revision of Income Tax Returns by State Auditor.**
Under section 9675, Compiled Oklahoma Statutes 1921, an appeal lies to the Supreme Court from the judgment of the district court reviewing the decision of the State Auditor in revising income tax returns under section 9942, Id.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Oklahoma County; Edward D. Oldfield, Judge.

From assessment of income tax by Frank C. Carter, State Auditor, H. A. McCauley, guardian of Joseph F. Berryhill, a minor, appealed to the district court. Judgment for appellant, and the State Auditor brings error. Reversed and remanded, with directions.

S. P. Freeling, Atty. Gen., and C. E. King, Asst. Atty. Gen., for plaintiff in error.

Robert B. Keenan and Leroy J. Burt, for defendant in error.

Opinion by ESTES, C. This is an appeal from the district court of Oklahoma county; Edward D. Oldfield, Judge. The material parts of the findings and judgment of the court appealed from herein, are as follows:

"That H. A. McCauley is the duly appointed, acting and qualified guardian of the estate and person of Joseph F. Berryhill, a minor; that on the 23rd day of June, 1919, F. C. Carter, as State Auditor, amended the income tax return filed by H. A. McCauley, guardian, to include an item of $130,000, received from the Prairie Oil & Gas Company, in February, 1918, for a lease on lands of his said minor ward, situated in Creek county, Oklahoma, described as follows, to wit: Northeast Quarter (N. E. 1-4) of section 16, township 17 north, range 12 east.

"The court further finds that the said guardian interposed an objection to the revision of his said income tax return to include the $130,000 above referred to, upon the ground that said amount was received as compensation for the sale of a part of the corpus or estate itself and is therefore, a conversion of the minor's capital into cash, because of the fact that development of said premises for oil was completed before 1911, and before the income tax law of the state of Oklahoma went into effect.

"The court further finds that the Galbreath Oil Company entered upon said premises for the purpose of developing same for oil and gas under lease bearing date of June 14, 1906; that said oil company had the privilege of operating for oil and gas upon the payment of one-tenth (1-10) of all oil produced thereon from the period of June 14, 1906, to August 14, 1919; that said lease was assigned to the Barnes Oil Company on July 24, 1907; that said lease was assigned to the Prairie Oil & Gas Company on October 11, 1910; that at the time the Prairie Oil & Gas Company went into possession of said premises there were located thereon sixteen (16) producing wells, and said company has drilled, since that time, two wells, one in October, 1910, and one in

April, 1911; that no new wells have been drilled on said premises since April, 1911, and the Prairie Oil & Gas Company has been in continuous possession of said premises since that time operating same for oil and gas.

"That during the month of February, 1913, said premises produced 3,928.86 barrels of oil, and the reasonable value of the minor's interest at that time was $147,588; that during the month of January, 1915, just prior to the enactment of the income tax law of the state of Oklahoma, said premises produced 4,268.86 barrels of oil; and the minor's interest therein was worth $137,000. That on February 23, 1918, G. A. Morriss, as guardian of Joseph F. Berryhill, under authority of the Creek county court, made, executed and delivered to the Prairie Oil & Gas Company, an oil and gas lease, extending the term of operation 'so long as oil and gas are found in paying quantities' for the consideration of $130,000 paying as royalty for the oil produced one-eighth (1-8) of the total product; that this sum is a reasonable value of minor's interest in said premises.

"It is therefore ordered, adjudged and decreed that the protest of H. A. McCauley, guardian of Joseph F. Berryhill, a minor, objecting to the revision of said income tax return, to include $130,000 received from the Prairie Oil & Gas Company, under a lease bearing date of February 23, 1918, is sustained, and F. C. Carter, State Auditor, is hereby ordered to accept the original return of said guardian which does not include said item."

1, 2. The case of F. C. Carter, State Auditor, v. Rector et al., 88 Okla. 12, 210 Pac. 1035, is decisive of the case at bar. It will be seen by comparison that the facts are very similar. In the instant case, as in the Rector case, the usual producers' form of commercial lease was executed to the Prairie Oil & Gas Company, extending the term of the former lease. In the instant case the consideration was $130,000 bonus, in addition to the usual one-eighth royalty of the total product.

Does the said consideration of $130,000 for this lease, on the already producing oil property, constitute income to the owner of the land, or is said amount a conversion of capital? That said amount does constitute income to the owner of the land, and the reasons and authorities for such conclusion are fully set out in the Rector Case, and we do not deem a repetition thereof necessary in this opinion. The State Auditor, in holding that said amount was income, was correct, and a reversal of his decision by the trial court herein was erroneous.

3. It is contended by defendant that this appeal should be dismissed because no appeal from the judgment of the district court, in such cases, is provided by statute. Section 9942, Comp. Stat. 1921, provides, inter alia, that the State Auditor shall have the same power to correct and adjust such assessments of income as is given by law to the county board of equalization in cases of assessments of property ad valorem, and the remedy and proceedings before the State Auditor shall be the same as those provided for reviewing assessments of property ad valorem by the county board of equalization.

Section 9675, Id., provides that appeals may be taken from county boards of equalization to the district or superior courts within certain specified time, and to the Supreme Court within certain time, and provides further that appeals may be taken from the district court or superior court to the Supreme Court as provided by the Code of Civil Procedure. Moreover, the said Rector Case is a recognition by this court that an appeal does lie from the judgment of the district court in this case. Said contention of defendant in error is untenable.

Defendant in error filed motion to dismiss on the ground that notice of intention to appeal was not given in open court at the time of the trial, or within ten days thereafter, as required by the statute. The motion is overruled, because, by stipulation of the parties, the journal entry of judgment herein has been amended to show such notice was properly given.

The judgment of the trial court is therefore reversed, and the cause remanded, with direction to further preceed, not inconsistently with these views.

By the Court: It is so ordered.